CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
July 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DARRELL SCOTT MULLINS,** | ) |
| Plaintiff, | ) Case No. 7:25CV00263 |
| v. | ) **OPINION** |
| **SWVA REGIONAL JAIL HAYSI MEDICAL,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Darrell Scott Mullins, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials discontinued his medication. On April 16, 2025, the court entered an Order conditionally filing the case, requiring him to sign and return a form consenting to pay the filing fee for this case. The Order warned Mullins that failure to keep the Court informed of his current mailing address would result in dismissal of the case without prejudice. The Court mailed Mullins a copy of that Order to the address he had provided on the Complaint. But on April 28, 2025, that mailing was returned to the Court marked as undeliverable, with no ability to forward the mailing. It is self-evident that the Court must have a viable address by which to communicate reliably with Mullins about this case.

Based on Mullins' failure to provide the Court with a current and usable mailing address, I conclude that he is no longer interested in pursuing this civil action. Therefore, I will dismiss the action without prejudice for failure to prosecute.* *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).

An appropriate Order will issue herewith.

DATED: July 31, 2025

/s/ JAMES P. JONES
Senior United States District Judge

---

* In addition, I note that the only defendant Mullins has named, the jail's medical department, is not a person who can be sued under § 1983. Liability under § 1983 is personal. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that plaintiff suing under § 1983 "must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution") (emphasis added). Mullins may not sue the medical staff as a group, but must state facts about actions each defendant took that violated his constitutional rights.